```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

RONELLE L. JONES,            :
                             :
        Plaintiff,           :
                             :
    v.                       :   Civil Action No. 02-307-JJF
                             :
JAMES GARDELS,               :
                             :
        Defendant.           :

Rodger D. Smith II, Esquire and Benjamin Schladweiler, Esquire of MORRIS, NICHOLS, ARSHT & TUNNEL, Wilmington, Delaware.
Attorneys for Plaintiff.

Stuart B. Drowos, Esquire and Aaron R. Goldstein, Esquire, Deputy Attorneys General, Delaware Department of Justice.
Attorney for Defendant.

## MEMORANDUM OPINION

January 6, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion For Summary Judgment (D.I. 75). For the reasons discussed, the Motion will be denied.

## BACKGROUND

At the time of the incident that gave rise to this case, Plaintiff was incarcerated in the Security Housing Unit of the Delaware Correctional Center ("DCC") in Smyrna, Delaware. By his Complaint, Plaintiff alleges that Defendant, a DCC correctional officer, violated his Eighth Amendment right to be free from cruel and unusual punishment. (D.I. 2.) The parties agree that on September 27, 2001, sometime between 12:00 noon and 1:30 p.m., while Plaintiff was lying on his bed, Defendant entered Plaintiff's cell to retrieve a razor that was on the floor. The parties disagree about what happened next.

In general, Plaintiff's version of events is as follows: After a brief exchange of words, Defendant picked up a newspaper and threw it in Plaintiff's face. Then, as Plaintiff was getting up from his bed, Defendant hit Plaintiff with his fists. Following a brief struggle between Plaintiff and Defendant, at least two more correctional officers entered the cell and restrained Plaintiff. Defendant then struck Plaintiff in the face and back with a pair of handcuffs wielded as brass knuckles. Defendant's blows aggravated Plaintiff's previous back injury,

1

causing him to collapse to the floor where he remained for several hours, unable to get up, until he was assisted by correctional officers from another shift.

Defendant's version of events is quite different: After he picked up the razor, he removed some paper from either the cell window or a vent, briefly looked around the cell, and then exited and secured the door. Plaintiff remained on his bed during the entire time that Defendant was in the cell, no physical confrontation took place, no words of any significance were exchanged, and no other correctional officer entered the cell.

By his Motion, Defendant contends that he is entitled to summary judgment because, assuming *arguendo* that Defendant used force against Plaintiff, such force was not excessive; because Defendant is entitled to qualified immunity; and because Plaintiff did not exhaust his administrative remedies. In Response, Plaintiff contends that summary judgment is precluded by the existence of genuine issues of material fact, that the Court has already ruled that Defendant is not entitled to qualified immunity, that Defendant waived the affirmative defense of failure to exhaust administrative remedies by not previously asserting it in a responsive pleading, and that Plaintiff did exhaust all available administrative remedies.

**DISCUSSION**

**I. Standard Of Law**

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the [non-moving party] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Id. at 151 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some

3

metaphysical doubt as to the material facts. . . .  In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  However, the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving party on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted.  Id.

## II.  Whether There Is A Genuine Issue Of Material Fact

Defendant contends that, in light of the record as developed through discovery, Plaintiff's allegations are "simply untrue." (D.I. 76 at 5.)  The Court presumes that he means this to imply that Plaintiff's allegations are so obviously false that a jury could not reasonably find otherwise, i.e. that there is no genuine issue of material fact.  In response, Plaintiff contends that the parties' factual disputes are not amenable to resolution by summary judgment and should be decided by a jury.  (D.I. 78 at 11.)  The Court agrees with Plaintiff.

The central factual dispute in this case is what occurred in Plaintiff's cell.  This dispute is clearly material to the

question of whether Defendant violated Plaintiff's Eighth Amendment right. A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248. From a review of the record, the Court cannot conclude that the evidence is so one-sided that a reasonable jury could not find for Plaintiff. Here, where the parties' versions of the facts are so widely divergent, the decision as to which version is closer to the truth hinges on the credibility of the parties, their witnesses, and their evidence. Determination of credibility is a jury function. Reeves, 530 U.S. at 150. Therefore, the Court concludes that there is a genuine issue of material fact.

Defendant also contends that if he did use force, such force was de minimus and, therefore, under the Supreme Court's decision in Hudson v. McMillian, 503 U.S. 1, 9-10 (1992), did not violate the Eighth Amendment. (D.I. 76 at 7-8.) Because Defendant denies using any force against Plaintiff, the Court presumes that this contention is based on the nature of Plaintiff's injuries. In determining whether a correctional officer used excessive force in violation of the Eighth Amendment, a fact finder may consider the de minimus nature of injuries along with other prescribed factors. Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002). However, this "is an issue of fact to be resolved by the fact finder based upon the totality of the evidence; it is

not an issue of law a court can decide." Id.

### III. Whether Defendant Is Entitled To Qualified Immunity

As Plaintiff points out (D.I. 78 at 6), the Court has already concluded that Defendant is not entitled to qualified immunity. In its March 27, 2003 Memorandum Opinion (D.I. 14) on Defendant's Motion To Dismiss (D.I. 11), the Court concluded that "the doctrine of qualified immunity is unavailable to Defendant . . . ." (D.I. 14 at 6.) Defendant's Memorandum Of Points And Authorities In Support Of His Motion For Summary Judgment (D.I. 76) offers no new argument with regard to why the Court should reconsider that conclusion.

### IV. Whether Defendant Is Entitled To Summary Judgment On The Issue Of Exhaustion Of Administrative Remedies

Defendant contends that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). (D.I. 76 at 14.) In response, Plaintiff contends that Defendant waived this affirmative defense by failing to raise it prior to his Motion For Summary Judgment (D.I. 78 at 7), and that Plaintiff did exhaust the remedies available to him (Id. at 8).

The PLRA provides in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is "an affirmative defense to be pleaded by the defendant." <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002). A defendant's failure to raise an affirmative defense in a responsive pleading or appropriate motion generally results in the waiver of that defense. <u>Charpentier v. Godsil</u>, 937 F.2d 859, 863 (3d Cir. 1991). However, under Fed. R. Civ. P. 15(a), a responsive pleading may be amended at any time by leave of court to include an affirmative defense, and the Third Circuit has held that "[u]nless the opposing party will be prejudiced, leave to amend should generally be allowed." <u>Id.</u> at 864.

Here, Defendant never raised the affirmative defense of failure to exhaust administrative remedies until the instant Motion For Summary Judgment, filed well over three years after the Complaint, and almost two months after the close of discovery. Defendant did not raise the defense in his Motion To Dismiss (D.I. 11), nor did he raise it in response to Plaintiff's Interrogatory No. 3 which asked Defendant to state his affirmative defenses. (D.I. 78 at 8.) Moreover, Defendant has not filed an answer to the Complaint, so there is no appropriate responsive pleading that could be amended to include the defense. Because Defendant failed to raise the defense before the close of discovery, the Court concludes that Plaintiff would be prejudiced

7

by allowing him to do so now.  Therefore, the Court concludes that Defendant has waived the affirmative defense of failure to exhaust administrative remedies.

## V. Conclusion

Having fully considered the submitted pleadings, answers to interrogatories, depositions, and affidavits, the Court, for the reasons discussed, concludes that there is a genuine issue of material fact for trial and that Defendant is not entitled to judgment as a matter of law.  Therefore, Defendant's Motion For Summary Judgment (D.I. 75) will be denied.

An appropriate order will be entered.

8